UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bruce Edward Kirton, | ) C/A No. 4:13-2097-DCN-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Warden of MacDougall Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner, Bruce Edward Kirton (Petitioner/Kirton), is currently incarcerated at MacDougall Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on August 2, 2013. Respondent filed a motion for summary judgment on February 3, 2014, along with a return, supporting memorandum and exhibits. (Docs. #29 and #30). The undersigned issued an order filed February 5, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #31). Petitioner filed additional documents on February 14, 2014. (Doc. #36).

## I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

undisputed procedural history as set forth by the Respondent, in part.

Petitioner is presently confined in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Georgetown County. Petitioner was indicted by the Georgetown County Grand Jury during the June 2006 Term of the Georgetown County Court of General Sessions for one count of Criminal Sexual Conduct with a Minor in the Second Degree. (App. 791-92). At trial, Petitioner was represented by Stuart Axelrod, Esquire. The State was represented by Assistant Solicitor Robert B. Brian of the Fifteenth Judicial Circuit. On October 23-26, 2006, Petitioner was tried by jury on the charge before the Honorable John M. Milling, Circuit Court Judge. On October 26, 2006, the jury found Petitioner guilty. (App. 679). Judge Milling sentenced Petitioner to a period of confinement of twelve years for the conviction. (App. 691).

## DIRECT APPEAL

Petitioner timely filed and served a Notice of Appeal on November 3, 2006. (See Attachment No. 2). On appeal, Petitioner was represented by Wanda H. Carter, Deputy Chief Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. (See Attachment No. 3). Petitioner's appeal was perfected with the filing of an amended Final Brief of Appellant. (Attachment No. 3). In the Final Brief, Petitioner asserted the following three arguments.

1. The trial court erred in denying appellant's motion to exclude evidence of prior bad acts;

2. The lower court erred in denying appellant's motion to suppress a statement made during his bond hearing.

3. The lower court erred in denying appellant's motions regarding testimony that exceeded the parameters of time and place during the trial.

(Final brief of Appellant, attachment #3).

In a published Opinion filed December 17, 2008, the South Carolina Court of Appeals affirmed Petitioner's conviction. State v. Kirton, 381 S.C. 7, 671 S.E.2d 107 (Ct.App. 2008). (App. 793-815). In the Opinion, the Court of Appeals found that the prior bad act testimony presented was properly admitted. Kirton, 381 S.C. at 25-38, 671 S.E.2d at (App. 804-11). Further, the Court of Appeals found the admission of the testimony challenged would have been harmless if it was improperly admitted. The Court of Appeals also affirmed that the trial court did not err in denying Petitioner's motion to suppress the statement he made during his bond hearing. In addressing Petitioner's final issue on appeal, whether the trial court erred in allowing testimony by the State's expert witness, Dr. Carol Rahter, that went beyond the corroborative testimony allowed by Rule 801(d)(1)(D), SCRE, the Court of Appeals determined that the issue was not preserved for appellate review. Kirton, 381 S.C. at 42-44, 671 S.E.2d at 125-26. The Remittitur was issued on January 6, 2009. (Attachment No. 5).

**POST-CONVICTION RELIEF ACTION AND APPEAL**

On February 5, 2009, Petitioner filed an Application for Post-Conviction Relief (PCR). (App. 693-710, Attachment No. 6). In the Application, Petitioner asserted several claims of ineffective assistance of trial counsel and claims of prosecutorial misconduct. Specifically, he asserted trial counsel was ineffective for failing to subpoena important material witnesses. (App. 694). Second, he claimed his attorney failed to challenge the indictment based upon the State's failure to have the matter disposed of within 180 days of Petitioner's arrest. (App. 698). Third, he alleged trial counsel failed to argue the indictments were improper because the prosecuting agents were the sole witnesses before the grand jury. (App. 698-99). Fifth, Petitioner appeared to contend counsel failed to show

3

the indictment was insufficient. (App. 701). Sixth, Petitioner alleged counsel failed to object to Carol Rahter's testimony. (App. 701). Seventh, Petitioner asserted counsel should have objected to the solicitor's opening statement and closing argument. (App. 702). Eighth, Petitioner complained that counsel failed to timely file a motion requiring the State to produce all Brady materials in a timely fashion, specifically referring to an interview tape. Id. Ninth, Petitioner averred counsel failed to subpoena several important witnesses. (App. 703). Tenth, Petitioner claimed counsel failed to object at trial to questions about the victim going to a family doctor. Id. Eleventh, Petitioner appears to have argued that counsel was ineffective in raising the wrong argument as to why his statement at the bond hearing was inadmissible. (App. 703-04). Twelfth, Petitioner contended counsel failed to object to the instruction that was given to the jury that a mental evaluation was never performed on Petitioner. Thirteenth, Petitioner claimed counsel was ineffective for not moving to receive a copy of, or moving to exclude, the magistrate's check list and other documents that were mentioned during the hearing on the voluntariness of the bond hearing statement. (App. 705). Fourteenth, Petitioner argued counsel should have moved to exclude the polygraph report. (App. 706). Fifteenth, Petitioner contended counsel was ineffective for not subpoenaing another material witness. (App. 707). Sixteenth, Petitioner alleged counsel was ineffective for not objecting to the leading questions during the direct examination of Jordan N. Id. Seventeenth, Petitioner asserted trial counsel was ineffective for not contemporaneously objecting to leading questions to Tamra B. Id. Eighteenth, Petitioner claimed counsel failed to impeach the victim when she changed her story. Id. Nineteenth, Petitioner argued counsel was ineffective for not objecting to some statement with Brittney W. (App. 708). Twentieth, Petitioner averred counsel failed to use a statement. Id. Twenty-first, Petitioner claimed counsel was ineffective for not asking certain questions Petitioner wanted asked during

4

cross-examination of the victim. (App. 708-09).

The State served its Return on March 30, 2009. (App. 461-64, Attachment No. 7). An evidentiary hearing was held before the Honorable Benjamin H. Culbertson, Circuit Court Judge, on February 11, 2010. (App. 715-777). Petitioner was present and was represented by Paul Archer, Esquire. Id. The State was represented by Assistant Attorney General Christina J. Catoe. Id. The PCR Court filed its Order of Dismissal on March 23, 2010. (App. 779-90).

The PCR Court issued its findings of fact and conclusions of law. The PCR Court noted that in Petitioner's PCR application he alleged his custody was unlawful for the following reasons:

1. Ineffective assistance of trial counsel-attorney failed to subpoena important material witnesses;

2. Prosecutorial misconduct which negatively influenced the jury; and

3. Prejudicial judicial misconduct objected to by trial counsel over court procedural defect; trial judge himself called a magistrate court judge to testify in jury's presence that I allegedly requested mental help during a bond hearing.

(App. 781).

However, the PCR court noted that at the hearing, Petitioner did not present evidence regarding the above issues but focused on the issue of counsel's cross-examination of the doctor who testified at trial. Specifically, Petitioner alleged that trial counsel was ineffective in his cross-examination of the doctor. He asserted that if trial counsel cross-examined the doctor as she was cross-examined at the PCR, the outcome of the trial would have been different. (App. 781). In considering Petitioner's case, the PCR Court had before it Petitioner's PCR file, including the records of the Georgetown County Clerk of Court regarding the conviction, Petitioner's records from the South Carolina Department of Corrections, the trial transcript, and the direct appeal records. (App.

5

786-87). The PCR Court listened to the testimony presented at the hearing, then took the matter under advisement in order to review the trial transcript and the entire record. (App. 787).

The PCR Court found and concluded that Petitioner failed to prove any entitlement to PCR. (App. 788). Therefore, the Application for PCR was denied and dismissed with prejudice for failure to meet the burden of proof under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and <u>Butler v. State</u>, 286 S.C. 441, 334 S.E.2d 813 (1985). (App. 789).

## PCR APPEAL

Petitioner timely served and filed a notice of appeal on March 15, 2010. (Attachment No. 8). On appeal, Petitioner was represented by Lanelle Cantey Durant, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. (See Attachment No. 9). Petitioner's appeal to the PCR Court's Order was perfected with the filing of a Petition for Writ of Certiorari. (Attachment No. 9). In the Petition, Petitioner presented the following issue:

> Did the PCR court err in failing to find trial counsel ineffective for not making a contemporaneous objection during the trial to testimony of the forensic expert, Dr. Carol Rahter, which went beyond time and place as required by Rule 801(d)(1)(D), SCRE after trial counsel made a pretrial motion requesting that testimony be limited to the rule and the trial court specifically told counsel to object if improper questions were asked?

(Attachment #9).

The State filed a Return to the Petition for Writ of Certiorari. (Attachment No. 10).

By Order filed January 13, 2012, the South Carolina Supreme Court transferred Petitioner's appeal to the South Carolina Court of Appeals. (Attachment No. 11). In an Order filed July 2, 2013, the South Carolina Court of Appeals denied the petition for writ of certiorari. (Attachment No. 12).

The Remittitur was issued on July 23, 2013. (Attachment No. 13).

## II.  HABEAS ALLEGATIONS

Petitioner filed his petition on August 2, 2013,[2] in which he raises the following allegation, quoted verbatim:

> GROUND ONE:     One Ground is trial attorney deficient in failing to contemporaneously object to testimony and preserve the objection for appeal axsolrod mark
>
> **Supporting Facts:**  Trial attorney Start Mark Axlerod stratoge aloud Dr Rahter to Bostor the states iaction on his cross at sancnactins at trail by asking her questins that Bosterd the state case with preduc the applant at trail onther ground Trial Attorny did not object to the bond heing statmet that was made about the mental Evalution and did not object be cose that was not a mental evalution done it was not suppred on that ground during TRAIL that Bosterd the stat case with was court Earrd in Allowing that statment applant was not competent during the bond heaing onther Ground is Trail attorney did object Timly on the prior Bad Acts or Time and Place

(Petition).

## III.  STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

---

[2] Petitioner appears to attempt to raise new claims in the documents he filed subsequent to the motion for summary judgment. However, as these issues were not raised in the petition, they will not be considered.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id.  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).  Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR

denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## IV. ANALYSIS

In Ground One of the habeas petition, Petitioner asserts trial counsel was ineffective.

9

Respondent asserts that Petitioner presented three separate claims in the supporting facts for Ground One.[3] The three sub-claims will be delineated as Grounds One, Two, and Three and addressed as such in this report and recommendation.

> Ground One:       Trial counsel was ineffective in allowing Dr. Rahter to bolster the State's case during cross-examination;
>
> Ground Two:       Trial counsel was ineffective for not objecting to the admission of his statement at the bond hearing on the grounds that he was not mentally competent to give a voluntary statement;
>
> Ground Three.     Trial counsel was ineffective in not timely objecting to the testimony of Dr. Rahter regarding prior bad acts because they were not limited to time and place.

Ground One

As to Ground One that trial counsel was ineffective in allowing Dr. Rahter to bolster the State's case during cross-examination, Respondent argues that the claim was arguably raised and ruled upon by the PCR court but it was not raised in the appeal of the denial of PCR making it procedurally barred from federal habeas review. As this issue was not raised in the petition for writ of certiorari, the issue is procedurally barred from federal habeas review.[4]

Grounds Two and Three

Respondent argues that the PCR court did not rule on Grounds Two and Three and no Rule

---

[3] The issue Petitioner designated as Ground One in his habeas petition is generally consumed within the sub-parts which will be addressed individually as Grounds One, Two, and Three.

[4] Martinez v. Ryan, —U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), discussed supra, does not apply to the PCR appeal because it is not the initial-review collateral review proceedings.

59(e) motion was filed. Thus, Respondent argues, the claims were not properly presented to the South Carolina appellate courts and, therefore, are procedurally barred from federal habeas review. The undersigned agrees. Accordingly, these claims are reviewable only if Petitioner can show the requisite cause and prejudice to overcome the procedural default.

Petitioner filed additional documents with the court after Respondent filed the Motion for Summary Judgment, and it appears Petitioner is asserting PCR counsel was ineffective.[5] Generally, a PCR attorney's negligence does not establish cause for a procedural default. Coleman v. Thompson, 501 U.S. 722, 752–53, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). However, the Supreme Court recognized a narrow exception to this general rule in Martinez,[6] holding that, in certain

---

[5] As discussed below, Petitioner arguably raised the claims in Grounds Two and Three at PCR, but the PCR court did not rule on the claims. Therefore, any ineffectiveness of PCR counsel Petitioner asserts is based on PCR counsel's failure to file a Rule 59(e) motion.

[6] The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has recently stated that

> [w]e ... read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. ——, ——, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013) *(citing Martinez*, 132 S.Ct. at 1318–19, 1320–21); *see also Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir.2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under Strickland, whether the petitioner's claim of ineffective assistance of trial counsel is substantial,

11

circumstances, ineffective assistance of counsel in an initial collateral proceeding can provide "cause" for not complying with state procedural rules regarding a claim of ineffective assistance at trial.

To establish cause under Martinez, Petitioner must demonstrate (1) that his PCR counsel was ineffective under Strickland and (2) that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one." Martinez, 132 S.Ct. at 1318. Therefore, to demonstrate cause, Petitioner must show that PCR counsel's failure to file a Rule 59(e) motion with respect to the PCR court failing to rule on the two grounds was "objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams v. Taylor, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) petitioner was prejudiced as a result). As discussed below, Petitioner has not shown that his PCR counsel was ineffective under Strickland and that the underlying ineffective claims of trial counsel are substantially meritorious to overcome the procedural default of Grounds Two and Three.

**Ground Two**

---

and whether there is prejudice").

In Ground Two,[7] Petitioner asserts trial counsel was ineffective for not objecting to the admission of a statement he made at a bond hearing on the basis that he was not mentally competent to give a voluntary statement. [8]

The record shows that the statement was admitted into evidence over trial counsel's objection. It appears, however, that Petitioner is arguing that trial counsel did not employ the correct basis on which to object. Specifically, he asserts that he should have objected on the basis that he was not mentally competent to make the statement. As set forth above, the South Carolina Court of Appeals found no error by the trial court in admitting the statement into evidence. Furthermore, Plaintiff fails to show evidence was presented to the trial court or the PCR court supporting a form of mental illness or incapacity of Plaintiff at the time of the bond hearing.[9] Accordingly, Petitioner fails to show ineffectiveness of PCR counsel by failing to file a 59(e) motion with respect to his statement at the bond hearing or that the underlying issue was substantially meritorious. As a result,

---

[7] In the PCR order of dismissal, the PCR judge noted that Petitioner raised the issue of "Prejudicial misconduct objected to by trial counsel over court procedural defect: trial judge himself called a magistrate court judge to testify in jury's presence that I allegedly requested mental help during a bond hearing." (App. 781). However, the PCR court concluded that at the time of the PCR hearing, Petitioner did not present evidence regarding this issue and did not make a ruling with regard to this claim. (Id.).

[8] On direct appeal, Petitioner raised the issue of "Did the trial court err in denying Kirton's motion to suppress a statement made during his bond hearing?" (App. 802). The South Carolina Court of Appeals found this argument lacked merit concluding that the trial court did not err in admitting the statement because it was not a "custodial" statement and, alternatively, it was knowingly and voluntarily given under Miranda. (App. 811-813).

[9] Notably, under South Carolina law, a defendant's mental condition in and of itself does not render a statement involuntary in violation of due process. See State v. Hughes, 336 S.C. 585, 594, 521 S.E.2d 500, 505 (1999) (citing Colorado v. Connelly, 479 U.S. 157 (1986)).

this ground should be dismissed as procedurally barred with prejudice.

**<u>Ground Three</u>**

In Ground Three, Petitioner alleges trial counsel was ineffective in not timely objecting to the testimony of Dr. Rahter regarding prior bad acts because they were not limited to time and place.[10] This issue was not ruled upon by the PCR court and a Rule 59(e) motion was not filed. However, the issue of whether or not the trial court erred in denying Petitioner's motion to exclude this evidence was raised on direct appeal.[11]

Petitioner argued that the trial court erred in allowing testimony by the State's expert witness, Dr. Carol Rahter, that went beyond the corroborative testimony allowed by State evidentiary rules. (App. 814). The State Court of Appeals concluded that counsel failed to object contemporaneously with the testimony and only objected prior to trial and the pre-trial motion did not act to preserve the issue for review on appeal. However, the court held that " . . . even if properly preserved, the allegedly improper testimony is cumulative to other un-objected to testimony. Several other witnesses testified regarding Victim's statements about abuse by Kirton. The other witnesses'

---

[10] It appears that this issue was raised as ground six in the PCR petition. However, at PCR, the issue raised and ruled on was whether counsel was ineffective in his cross-examination of the Dr. Rahter, and Petitioner argued that had counsel cross-examined the doctor as she was cross-examined at the PCR hearing, the outcome of trial would have been different. Although this is not the exact issue raised in the habeas petition, the PCR court found that trial counsel's trial strategy, to freely allow Dr. Rahter to bolster the Victim's testimony so he could later completely discredit her testimony by revealing that all of her opinions were premised upon a faulty time-line, was abundantly reasonable under the circumstances and facts of the case, especially considering counsel's prior experience and familiarity with Dr. Rahter.

[11] Petitioner challenged similar testimony of the victim regarding prior bad acts as trial court error on direct appeal. The South Carolina Court of Appeals found no error in the admission of this evidence as it was admissible under <u>State v. Lyle</u>, 125 S.C. 406, 118 S.E. 803(1923), and even if error to admit, the error was harmless as cumulative to other evidence properly admitted.

testimony identifies Kirton as the perpetrator and provides some details of the abuse." (App. 814).

The court concluded as follows:

> The testimony by Dr. Rahter was not improper hearsay testimony, the first instance alleged in Kirton's brief included only the date or time frame of the alleged abuse. This testimony is properly allowed under Rule 801(d)(1)(D), SCRE.
>
> The second instance involved testimony regarding the medical findings by Dr. Rahter. This testimony was properly admitted as evidence used by the expert witness in forming her opinion that the medical findings were significant. The testimony was admitted as forming the base of her opinion and not for the truth of the matter asserted. . .

(App. 815).

Petitioner fails to show error by PCR counsel for not filing a Rule 59(e) motion on this issue and fails to show this issue is a substantial one.

## CONCLUSION

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #30) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

 s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

July 15, 2014
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**